IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES ASARE FORDJOUR,

    Petitioner,                    No. 2:11-cv-2042 JAM EFB P

    vs.

ERIC H. HOLDER, JR., et al.,

    Respondents.               ORDER AND
                                                    FINDINGS AND RECOMMENDATIONS
_____/

       Petitioner seeks a writ of habeas corpus challenging and Immigration and Custom Enforcement's supervised release program requiring petitioner to wear an electronic ankle monitoring bracelet. *See* 28 U.S.C. § 2241. Petitioner has filed a motion titled "Emergency Status of Petition for Writ of Habeas Corpus and for Immediate Release and Injunction," which this court construes as a motion for a temporary restraining order. Dckt. No. 17. Petitioner alleges that Immigration and Custom Enforcement ("ICE") agents recently took him into physical custody, and he seeks an injunction ordering his immediate release. *Id*. at 3-7. For the reasons explained below, petitioner's motion should be denied.

**I.    Background**

       Petitioner is a native citizen of Ghana. Dckt. No 12, Ex. A, Pangelinan Decl. ¶ 4. He entered the U.S. as a "B1/B2 non-immigrant visitor" in 1982 and became a lawful citizen in

1

1986. *Id*. In 1987, petitioner was convicted of obtaining credit by false pretenses in violation of California Penal Code § 532. Dckt. No 12, Ex. A, Pangelinan Decl.¶ 12. In 1988, the then-Immigration and Naturalization Service ("INS") initiated deportation proceedings based on the 1987 conviction. *Id*. However, in 1993, the deportation proceedings were administratively closed because petitioner began serving a criminal conviction in the custody of state officials. *Id*. at ¶ 13.

In 2002, the removal proceedings were reopened. The grounds for deportation were amended to include a 1998 felony conviction. *Id*. at ¶¶ 9, 14. On August 27, 2002, an immigration judge ("IJ") order petitioner deported. After unsuccessfully appealing the IJ's decision to the Board of Immigration Appeals ("Board"), petitioner sought review in the United States Court of Appeals for the Ninth Circuit. *Id*. at ¶ 16. In 2008, the Ninth Circuit remanded petitioner's matter to the Board, which in turn remanded the matter back to the immigration court. On August 19, 2010, after further administrative proceedings were conducted, the Board sustained an IJ's decision ordering petitioner's removal. *Id*. at ¶¶ 20, 21; Dckt. No. 12, Exs. E, F. Petitioner did not file a petition for review in the United States Court of Appeal for the Ninth Circuit, and therefore the Board's August 19, 2010 decision constituted a final deportation order.[1] Dckt. No. 12, Ex. A at ¶ 21. On August 17, 2010, just two days prior to the issuance of the final removal order, ICE voluntarily released petitioner from custody on an Order of Supervision under the Intensive Supervised Release Program, which required electronic monitoring via an ankle bracelet. *Id*. at ¶ 28.

Petitioner filed the instant petition on August 2, 2011, challenging his detention pursuant to the Order of Supervision and the use of an electronic ankle monitor. Dckt. No. 1 at 8. However, on June 5, 2012, petitioner filed the instant motion seeking emergency relief. Dckt. No. 17. In his motion, petitioner claims that on May 30, 2012, he was improperly detained by

---

[1] Because petitioner claimed that he never received a copy of this order, the Board reissued the decision on November 8, 2010.

ICE agents "for no reason." He argues that he did not violate the terms of the Order of Supervision, and therefore he requests that this court order his immediate release. He also seeks appointment of counsel. Dckt. No. 18.

Respondents concede that petitioner was taken into custody on May 30, 2012. Dckt. No. 21 at 5. Respondents claims, however, that ICE detained petitioner to execute his removal, which is currently scheduled to occur on June 19, 2012. *Id*. at 7.

## II. Motion for a Temporary Restraining Order

"The standards for granting a temporary restraining order and a preliminary injunction are identical." *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order). A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions--that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another--survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). However, if the moving party "fails to show that he has some

3

chance on the merits, that ends the matter." *Developmental Services Network v. Douglas*, 666 F.3d 540, 544 (9th Cir. 2011).

Respondents argues that petitioner is not entitled to injunctive relief because he cannot show that he is likely to succeed on the merits of his claim. Dckt. No. 21 at 6. Petitioner only challenges ICE's authority to detain him pending his deportation. Dckt. Nos. 1, 17. To be entitled to a temporary restraining order, petitioner must show that he is likely to succeed on his claim that his detention is unlawful.

Where, as here, an alien is ordered removed because he is found to be inadmissible under 18 U.S.C. § 1182, the government may detain him beyond the 90 day removal period. 8 U.S.C. § 1231(a)(6); *see* Dckt. No. 12, Ex. F. However, the government may not indefinitely detain an alien subject to removal. Rather, the government may only continue to detain an alien beyond the removal period where there is a likelihood of removal in the reasonably foreseeable future. *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely assuring the alien's presence at the moment of removal.") The interest in continued detention "strengthens as actual removal from the United States becomes closer in time and more certain to occur. In part, this is because an alien's incentive to flee may increase as the removal date approaches." *Diouf v. Napolitano*, 634 F.3d 1081, 1087 (9th Cir. 2011).

Respondents, in support of their argument that petitioner cannot establish any likelihood of success on the merits, submit the declaration of Benito Pangelinan, a Supervisory Detention and Deportation Officer with U.S. Immigration and Customs Enforcement. Dckt. No. 21, Ex. A. Mr. Pangelinan declares that on May 23, 2012, the Ghanaian Consulate in New York, New York agreed to issue travel documents for petitioner. *Id.* at ¶ 6. He further states that on May 30, 2012, ICE agents purchased tickets for petitioner's departure from the United States on June 19, 2012. *Id.* at ¶ 8. In light of his imminent removal, ICE agents took petitioner into custody on

4

May 30, 2012. *Id.* ¶ 9. Mr. Pangelinan further declares that Ghana's Consulate has already issued petitioner's travel documents, which have been sent to San Francisco for petitioner's removal. *Id*. at ¶ 10.

Respondents' evidence establishes that petitioner's removal is imminent. Detaining petitioner at this time serves 8 U.S.C. section 1231(a)(6)'s primary purpose of assuring that petitioner is present at the moment of removal. *See Zadvydas*, 533 U.S. at 699. Petitioner has not presented any contrary evidence or shown that his removal is unlikely to occur in the reasonably foreseeable future. Thus, petitioner has not established any chance of success in challenging his current detention. His motion for a temporary restraining order must therefore be denied.

**III.    Motion for Appointment of Counsel**

Petitioner also requests the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). The court may appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A. The court does not find that the interests of justice would be served by the appointment of counsel at this stage of the proceedings. Petitioner's motion for appointment of counsel is denied.

**IV.    Conclusion**

Petitioner has failed to show that he has some chance of success on the merits of his claim. He is therefore not entitled to a temporary restraining order.

Accordingly, it is hereby ORDERED that petitioner's motion for appointment of counsel, Dckt. No. 18, is denied.

Further, it is RECOMMENDED that petitioner's motion for a temporary restraining order, Dckt. No. 17, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Because the date set for

1  petitioner's deportation is June 19, 2012, and this motion seeks immediate relief, the standard
2  time period of 14 days for filing objections to this recommendation is not feasible.  Accordingly,
3  any objections to these Findings and Recommendation must be filed immediately.  Any such
4  filing shall be captioned "Objections to Magistrate Judge's Findings and Recommendation."
5  DATED: June 8, 2012.

                              EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE