IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES ASARE FORDJOUR,

    Petitioner,                       No. 2:11-cv-2042 JAM EFB P

    vs.

ERIC H. HOLDER, JR., et al.,

    Respondents.                  FINDINGS AND RECOMMENDATIONS

                            /

       Petitioner seeks a writ of habeas corpus challenging an Immigration and Custom Enforcement's supervised release program requiring petitioner to wear an electronic ankle monitoring bracelet. *See* 28 U.S.C. § 2241. Respondents move to dismiss the petition, arguing that the petition is moot because petitioner has been removed from the United States. Dckt. No. 25. For the foregoing reasons, the motion must be granted and the petition dismissed.

**I.    Background**

       Petitioner is a native citizen of Ghana. Dckt. No. 12, Ex. A, Pangelinan Decl. ¶ 4. He entered the U.S. as a "B1/B2 non-immigrant visitor" in 1982 and became a lawful resident in 1986. *Id*. In 1987, petitioner was convicted of obtaining credit by false pretenses in violation of California Penal Code § 532. *Id*. at ¶ 12. In 1988, the then-Immigration and Naturalization Service ("INS") initiated deportation proceedings based on the 1987 conviction. *Id*. However,

1

in 1993, the deportation proceedings were administratively closed because petitioner began serving a criminal conviction in the custody of state officials. *Id*. at ¶ 13.

In 2002, the removal proceedings were reopened. The grounds for deportation were amended to include a 1998 felony conviction. *Id*. at ¶¶ 9, 14. On August 27, 2002, an immigration judge ("IJ") ordered petitioner deported. *Id*. at ¶ 15. After unsuccessfully appealing the IJ's decision to the Board of Immigration Appeals ("Board"), petitioner sought review in the United States Court of Appeals for the Ninth Circuit. *Id*. at ¶ 16. In 2008, the Ninth Circuit remanded petitioner's matter to the Board, which in turn remanded the matter back to the immigration court. On August 19, 2010, after further administrative proceedings were conducted, the Board sustained an IJ's decision ordering petitioner's removal. *Id*. at ¶¶ 20, 21; Dckt. No. 12, Exs. E, F. Petitioner did not file a petition for review in the United States Court of Appeals for the Ninth Circuit, and therefore the Board's August 19, 2010 decision constituted a final deportation order.[1] Dckt. No. 12, Ex. A at ¶ 21. On August 17, 2010, just two days prior to the issuance of the final removal order, ICE voluntarily released petitioner from custody on an Order of Supervision under the Intensive Supervised Release Program, which required electronic monitoring via an ankle bracelet. *Id*. at ¶ 28.

Petitioner filed the instant petition on August 2, 2011, challenging his detention pursuant to the Order of Supervision and the use of an electronic ankle monitor. Dckt. No. 1 at 8. Petitioner also seeks declaratory relief and a preliminary injunction ordering respondents to hold a hearing on his Application for Amelioration of the Condition of his Release. *Id*. at 11-12. On June 5, 2012, petitioner filed a motion for emergency relief. Dckt. No. 17. In his motion, petitioner claimed that on May 30, 2012, he was improperly detained by ICE agents "for no reason." *Id*. at 3. He argued that he did not violate the terms of the Order of Supervision, and therefore he requested this court order his immediate release. *Id*. at 3, 6-7. In their opposition to

---

[1] Because petitioner claimed that he never received a copy of this order, the Board reissued the decision on November 8, 2010.

the motion for emergency relief, respondents conceded that petitioner was taken into custody on May 30, 2012. Dckt. No. 21 at 5. Respondents claimed, however, that ICE detained petitioner to execute his removal. *Id*. at 7. On June 12, 2012, the court denied petitioner's motion for emergency relief, holding that petitioner had failed to show any likelihood of success on the merits of his claims. Dckt. No. 23.

On June 22, 2012, respondents filed a Notice of Removal, informing the court that petitioner was removed from the United States on June 14, 2012. Dckt. Nos. 25, 25-1. Respondents now move to dismiss the petition on the ground that petitioner's removal renders the instant action moot. Dckt. No. 25.

## II. Discussion

Article III of the U.S. Constitution limits a federal court's jurisdiction to those cases which present "cases-or-controversies." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "[F]ederal courts may not 'give opinions upon moot questions of abstract propositions.'" *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). In habeas actions, the case-or-controversy requirement mandates that a petitioner must have suffered, or be threatened with, an actual injury traceable to the respondent and redressable by issuance of the writ. *See Spencer*, 523 U.S. at 7.

A petitioner's deportation after filing a habeas petition does not necessarily render the petitioner's claims moot. *Abdala v. Immigration & Naturalization Service*, 488 F.3d 1061, 1063-64 (9th Cir. 2007). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Id*. at 1064. "By contrast, where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Id*.

Here, the petition only challenges ICE's supervised release program. Specifically, petitioner requests that his electronic ankle monitor be removed permanently and that he be

3

placed under a Regular Order of Supervision. Dckt. No. 1 at 8. The petition does not challenge the lawfulness of petitioner's deportation order.[2] As petitioner was removed from the United States on June 14, 2012, he is no longer in ICE's custody and therefore is not subject to the supervised release program. Resp.'s Notice of Release & Mot. to Dism., Ex A, Dckt. No. 25-1. As this court is unable to grant petitioner the relief sought, his petition must be dismissed as moot. *See Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997) (observing that a petition seeking relief from conditions of confinement is rendered moot upon the prisoner's release).

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Respondents' June 22, 2012 motion to dismiss, Dckt. No. 25, be granted;

2. All pending motions be denied as moot; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the

---

[2] Petitioner filed objections to the findings and recommendations recommending his motion for emergency relief be denied. Dckt. No. 24. In his objections, petitioner requests a stay of his deportation and immediate release from custody pending resolution of his habeas petition. *Id*. at 5. He claims that he is a United States citizen and that respondents do not have the authority to deport him. *Id*. Since petitioner has been removed, his request for a stay of deportation is moot. *See Abdala*, 488 F.3d at 1064 (finding that a request for a stay of deportation is moot upon removal).

To the extent petitioner wishes to challenges the legality of his deportation, this court is without jurisdiction to hear such a claim. *See* 8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter").

event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: July 24, 2012.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5